# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JAMES DARRYL SLAYTON,**

    **Plaintiff,**

vs.                                   **Case No. 4:18cv84-RH/CAS**

**OFFICER A. CASH**
**and NURSE SKELTON,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, recently filed a second amended complaint [hereinafter "complaint"], ECF No. 17, and a motion requesting an "injunction of protection," ECF No. 18. The complaint has been reviewed and because it is insufficient as filed, an Order has been issued this day directing Plaintiff to file a third amended complaint.

In his motion, Plaintiff states that he is currently housed at Okaloosa Correctional Institution and has been "constantly harassed, threaten[ed], and intimidated." ECF No. 18 at 1. Plaintiff asserts that he has been threatened by Officer Day because of grievances he has written. *Id.* He

further alleges that Sergeant Gerrard has threatened him with "physical violence" and Plaintiff states that he fears for his safety. *Id.*

Plaintiff's motion has been filed in a civil rights case which is brought against two Defendants who are, or were, employed at Taylor Correctional Institution. Plaintiff has not alleged any involvement by those Defendants in the motion for an injunction.

Federal Rule of Civil Procedure 65 governs motions for a temporary restraining order and for a preliminary injunction. An injunction or restraining order issued under Rule 65(d) is binding only upon the parties to a case, their officers, agents, servants, employees, and attorneys, and any "other persons who are in active concert or participation with" a party or his agent. FED. R. CIV. P. 65(d)(2). "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969) (citation omitted). Because the persons named in the motion are not designated as parties in

this litigation, this Court does not have jurisdiction over them and cannot provide Plaintiff relief.  Therefore, Plaintiff's motion must be denied.[1]

It is respectfully **RECOMMENDED** that Plaintiff's motion for an "injunction of protection," ECF No. 18, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 1, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[1] If Plaintiff wants to pursue claims against the persons identified in the motion, ECF No. 18, Plaintiff should file another case after exhausting administrative remedies, and either pay the filing fee or file an application to proceed in forma pauperis.

Case No. 4:18cv84-RH/CAS