IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES DARRYL SLAYTON,

    Plaintiff,

vs.                                        Case No. 4:18cv84-RH/CAS

OFFICER A. CASH
and NURSE SKELTON,

    Defendants.

_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and with in forma pauperis status, has filed a third amended complaint [hereinafter "complaint"]. ECF No. 23. The complaint has been reviewed as required by 28 U.S.C. § 1915A to determine if it is sufficient for service.

Plaintiff's complaint essentially alleges that Defendant Cash retaliated against him for filing grievances. Plaintiff makes a conclusory assertion of an "unwritten rule" in which unidentified staff members alert other staff members when a prisoner files a complaint. ECF No. 23 at 4. Plaintiff says that he wrote approximately six complaints against Defendant

Cash between January and April 2017. ECF No. 23 at 4. In March of 2017, Defendant Cash allegedly placed Plaintiff in handcuffs and then assaulted Plaintiff in front of another Officer. The assault included slamming Plaintiff's head into the wall, being punched in the head, and being sprayed with chemical agents. *Id.* at at 5.

Plaintiff was then issued two disciplinary reports by Defendant Cash. *Id.* The first was for disobeying an order and the second was for assault and battery on a correctional officer. Plaintiff was found guilty of both disciplinary reports written by Defendant Cash. *Id.* at 5-6. Plaintiff contends Defendant Skelton made false statements during the disciplinary process and, despite the administration's knowledge that "Plaintiff was not guilty of [the] charges," he was convicted of the fabricated disciplinary reports, suffered distress, and lost thirty days of gain time. *Id.* at 6. Plaintiff claims Defendants Cash and Skelton violated his First Amendment right to file a complaint, and that Defendant Cash violated his Eighth Amendment right by the use of force while he was in handcuffs. *Id.* at 7. As relief, he seeks fifty thousand dollars in monetary damages. *Id.*

Plaintiff was found guilty of the disciplinary reports which he contends were false and retaliatory. It is true that if an inmate were issued a retaliatory disciplinary report because he exercised his right of free speech (for example, writing a grievance), it would be a valid First Amendment claim. Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (stating "[t]he First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech."); *see also* Malloy v. Peters, 617 F. App'x 948, 950 (11th Cir. 2015); O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011); Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008).

However, "[a]n inmate cannot state a claim of retaliation for a disciplinary charge involving a prison rule infraction when the inmate was found guilty of the actual behavior underlying that charge after being afforded adequate due process." Malloy, 617 F. App'x at 950 (holding that prisoner could not state a retaliation claim "because he was found guilty of the behavior underlying both disciplinary charges and was afforded adequate due process at the disciplinary hearing.") (citing O'Bryant, 637 F.3d at 1215)). In other words, there is no causal connection between a disciplinary report and a prisoner's freedom of speech if the disciplinary

action would have been taken regardless of the prisoner's protected speech.  O'Bryant, 637 F.3d at 1217 (citing Mosley, 532 F.3d at 1278, n.22).  "Any possible causal connection between the protected activity (the grievances) and the harm (the disciplinary charges and sanctions) is severed since the harm is not in reaction to any protected activity, but directly due to an improper activity."  O'Bryant, 637 F.3d at 1219-20.  Therefore, Plaintiff's First Amendment claims against Defendants Cash and Skelton are insufficient as a matter of law.

Plaintiff's Eighth Amendment claim against Defendant Cash is also insufficient because Plaintiff lost gain time as a result of the disciplinary reports, and he has not alleged that the disciplinary reports were overturned on appeal.  Under Heck v. Humphrey, a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983.  Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).  To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by an executive order, declared invalid

by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.*

Heck has since been extended and made explicitly applicable in the prison disciplinary setting. Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). In Edwards v. Balisok, the Supreme Court held that a "conviction" includes a finding of guilty in a prison disciplinary proceeding that results in a loss of gain time, thus, affecting an inmate's period of incarceration. 117 S. Ct. at 1589. Therefore, based on Heck, the Court concluded that a claim for money damages resulting from defects in a prison disciplinary hearing which resulted in the loss of goodtime credits is not cognizable under § 1983.

Here, Plaintiff's request for fifty thousand dollars in damages cannot be provided because Plaintiff was charged, and found guilty, of battery on a correctional officer following a disciplinary hearing. He lost gain time as a result and, thus, his prison sentence has been extended. This case "lies at the core of habeas relief." Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 1248, 161 L. Ed. 2d 253 (2005) (quoted in Roberts v. Wilson, 259 F. App'x 226, 229 (11th Cir. 2007) (concluding that prisoner's § 1983

action was "not cognizable in light of Heck and Balisok because his "claim necessarily would be at odds with the revocation of his good time credits and with the State's calculation of the time he has left to serve on his sentence."). Relief in Plaintiff's favor would necessarily render his disciplinary conviction invalid and would "be at odds with the revocation" of gain time. The complaint is insufficient to state a claim and this case should be dismissed.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's third amended complaint, ECF No. 23, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 26, 2018.

 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.