IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES DARRYL SLAYTON,

    Plaintiff,

v.                        CASE NO. 4:18cv84-RH/CAS

OFFICER A. CASH
and NURSE SKELTON,

    Defendants.

_____/

## ORDER OF DISMISSAL

This prisoner case is before the court on the magistrate judge's report and recommendation, ECF No. 24, and the objections, ECF No. 25. I have reviewed de novo the issues raised by the objections. The report and recommendation is correct and is adopted as the court's opinion, with this additional note.

One of the plaintiff's claims is that he suffered retaliation—that he was physically assaulted by a correctional officer—in retaliation for filing grievances. The plaintiff was charged with and convicted of disciplinary violations resulting from the same encounter.

The report and recommendation correctly concludes that the plaintiff cannot challenge the result of the disciplinary proceeding in this action. This is so because, under the settled case law cited in the report and recommendation, a prisoner cannot challenge as retaliatory a disciplinary proceeding in which he was afforded due process and found guilty. In addition, under the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 648-49 (1997), a prisoner cannot properly pursue a civil action that, if successful, necessarily would imply the invalidity of a disciplinary finding that deprived the prisoner of good-time credit, unless the conviction has been vacated in a separate proceeding.

In many circumstances, a finding that a prisoner was subjected to excessive force by a correctional officer would not necessarily imply the invalidity of a disciplinary conviction. A prisoner's commission of a disciplinary infraction does not authorize whatever force a correctional officer chooses to use against the prisoner. But the plaintiff's allegation here is that he did nothing wrong—that the officer used force for no reason at all. The sole issue framed by the allegation is whether the plaintiff did or did not commit a disciplinary violation. The allegation that the plaintiff did not commit a violation is flatly inconsistent with the disciplinary finding.

For these reasons,

IT IS ORDERED:

The report and recommendation is accepted. The clerk must enter judgment stating, "The complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)." The clerk must close the file.

SO ORDERED on July 14, 2018.

s/Robert L. Hinkle<br>
United States District Judge